(72 Misc. Rep. 475.)

## JOSEPH v. HERZIG.

(Supreme Court, Special Term, New York County. June, 1911.)

EXECUTORS AND ADMINISTRATORS (§ 438*)—ACTION BY EXECUTRIX—PARTIES.

In an action by an executrix for an accounting of the good will of the firm business, in which testator was interested as a partner, against the surviving partner, the beneficiaries under decedent's will are not necessary parties.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1765–1791; Dec. Dig. § 438.*]

Action by Jeanette Herzig Joseph, executrix, against Simon Herzig, individually and as executor, for an accounting. On motion to bring in certain beneficiaries under· decedent's will as defendants. Denied.

See, also, 132 App. Div. 926, 117 N. Y. Supp. 1138; 135 App. Div. 141, 120 N. Y. Supp. 34; 136 App. Div. 929, 120 N. Y. Supp. 1141.

Shearman & Sterling (John A. Garver, of counsel), for plaintiff.

Abraham G. Meyer (David Leventritt and Harold Nathan, of counsel), for defendant.

GUY, J. Plaintiff brings an action, as executrix under the will of Philip Herzig, deceased, against Simon Herzig, her coexecutor, for an accounting of the good will of the partnership business, which it is alleged that the defendant, as surviving partner of the decedent, had converted to his own use. The defendant moves to bring in as defendants the beneficiaries under the decedent's will, who have made no request to be brought in as defendants. · The Court of Appeals has sustained the action as one to compel a surviving or liquidating partner to account for the good will of the business and firm name. Joseph v. Herzig, 198 N. Y. 456, 460–462, 92 N. E. 103. ·

The plaintiff disclaims having brought the action to compel an accounting as executor. The decedent's will authorized the liquidating

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

partner to purchase the business under certain conditions. Whether or not he complied with those conditions, as to some or all of the beneficiaries, or whether he committed a devastavit, is the principal matter in issue. The trustee or executrix is the proper representative of an estate, and in the absence of collusion the cestuis que trustent are bound by the trustee's acts and are not necessary parties. Roberts v. N. Y. El. R. R. Co., 155 N. Y. 32, 39, 49 N. E. 262.; Vetterlein v. Barnes, 124 U. S. 169, 172, 173, 8 Sup. Ct. 441, 31 L. Ed. 400; Kerrison v. Stewart, 93 U. S. 155, 160, 23 L. Ed. 843.

Assuming that individual beneficiaries may have waived or reduced their right to a recovery, plaintiff as their trustee would stand in their shoes, and could recover no more on each beneficiary's share than such beneficiary could recover if a sole plaintiff. Vohmann v. Michel, 185 N. Y. 420, 425, 426, 78 N. E. 156, 113 Am. St. Rep. 921; Woodbridge v. Bockes, 170 N. Y. 600–603, 63 N. E. 362; Matter of Hall, 164 N. Y. 196, 201, 58 N. E. 11; Butterfield v. Cowing, 112 N. Y. 486, 20 N. E. 369; Ungrich v. Ungrich, 131 App. Div. 24, 115 N. Y. Supp. 413. All these questions are triable on the accounting.

The answer does not seek to compel any of the beneficiaries under the will to refund or make contribution. Neither party avers any collusion in the conduct of the suit. Without either of these elements no foundation is laid for bringing in the beneficiaries at this late day.

Motion denied.