ALHAMBRA AMUSEMENT COMPANY, INC., Appellant, *v.* ASSO-
CIATED FIRST NATIONAL PICTURES, INC., Respondent.

*Contract — Frauds (Statute of) — action to recover for breach of contract
— defense of Statute of Frauds.*

*Alhambra Am. Co., Inc.,* v. *Associated F. Nat. Pictures, Inc.,* 207
App. Div. 550, affirmed.

(Argued January 20, 1926; decided February 24, 1926.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
January 2, 1924, reversing a judgment in favor of plaintiff
entered upon a verdict and granting a new trial. The
action was to recover damages for breach of a contract
alleged to have been made between the plaintiff and
defendant for the delivery of motion picture films to the
DeLuxe Theatre, Utica, for a period of more than one
year. The principal defense was that the contract was
void under the Statute of Frauds on the ground that it had
not been signed by the defendant.

*Willard R. Pratt* and *George W. Alger* for appellant.
*James F. Hubbell* for respondent.

Order affirmed and judgment absolute ordered against
appellant on the stipulation, with costs in all courts; no
opinion.

Concur: HISCOCK, Ch. J., POUND, McLAUGHLIN,
CRANE, ANDREWS and LEHMAN, JJ. Absent: CARDOZO, J.

---

In the Matter of the Accounting of RALPH E. BARKLEY,
as Executor of the Estate of ABBIE M. F. ANDREWS,
Deceased.

MAY M. JOHNSON, Appellant; BESSIE F. STURTEVANT
et al., Respondents.

*Will — residuary estate to " nephews and nieces "— grandniece, daughter
of deceased niece, not included — award of costs, not appealed from,
improperly stricken out by Appellate Division.*

*Matter of Andrews (Barkley),* 213 App. Div. 479, modified.

(Argued January 21, 1926; decided February 24, 1926.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the third judicial department, entered

July 31, 1925, modifying and affirming as modified a decree of the Washington County Surrogate's Court construing the will of Abbie M. F. Andrews, deceased. The fourth clause of said will read as follows: " With the exception of my nephew George U. Gates, I give and bequeath all the rest, residue and remainder of all my property and estate to such of my nephews and nieces as survive me, to be divided equally between them share and share alike." The surrogate held that a grand-niece, daughter of a deceased niece, was included as one of the class constituting the residuary legatees. The Appellate Division held that only actual " nephews " and " nieces, " in the ordinary meaning of the terms, were included, and modified the decree by striking out the name of the grandniece as a residuary legatee as well as her award of costs, although no appeal had been taken from such award.

*Harry Cook* and *Newton B. Van Derzee* for appellant.
*J. B. McCormick* for Ralph E. Barkley, as executor.
*Ernest H. Wills* and *John R. Watts* for respondents.

Order of Appellate Division modified by restoring allowance of costs to May M. Johnson and as so modified affirmed, without costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: CARDOZO, J.

---

GRANVILLE A. BEALS, Doing Business as the GREENWICH MILLS, Appellant, *v.* MICHAEL HIRSCH, Respondent.

*Contract — sale — tender — contract for manufacture and sale of goods — refusal by purchaser to accept goods proper where manufacturer denies reasonable opportunity to examine.*

*Beals* v. *Hirsch,* 214 App. Div. 86, affirmed.

(Argued January 21, 1926; decided February 24, 1926.)

APPEAL from a judgment, entered July 10, 1925, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint. The action was to recover