J. W. KAUFMAN, as Trustee for Bondholders of THE JARED FLAGG CORPORATION and FANNIE H. RORBACH, Suing in Behalf of Herself and All Other Bondholders Similarly Situated, Appellants, v. THE JARED FLAGG CORPORATION and Others, Defendants, Impleaded with WEST SIDE SAVINGS BANK and Another, Respondents.

First Department, November 1, 1929.

*Gilbert E. Roe* of counsel [*Maurice Finkelstein* and *J. W. Kaufman* with him on the brief; *J. W. Kaufman*, attorney], for the appellants.

*Irving S. Ottenberg* of counsel [*Albert Zimmermann* with him on the brief; *Dean, King & Smith*, attorneys for the respondent West Side Savings Bank; *Albert Zimmermann*, attorney, for the respondent Alfred W. Levi], for said respondents.

O'MALLEY, J. In this action to foreclose two mortgages, one a so-called trust mortgage in the sum of $20,000, and the other, a so-called equitable mortgage in the sum of $40,000, the issue presented is whether such mortgages are subordinate to a certain consolidated mortgage owned by the defendant West Side Savings Bank, and to four mortgages owned by the defendant Levi. It has been adjudged that plaintiffs' mortgages are subordinate to those of the defendants. The result in brief has been that the mortgage of the West Side Savings Bank has been given priority over all others involved; the four owned by the defendant Levi held superior to the plaintiffs' mortgages, and a decree foreclosing the Levi mortgages has been granted with the right to the plaintiffs to share in any possible surplus which may result. The plaintiffs' appeal asserts priority of their mortgages over all others. The validity of the plaintiffs' mortgages has been sustained and no appeal from such part of the judgment has been taken by the defendants.

In 1921 the Jared Flagg Corporation, the creature of one Jared Flagg, was the owner of premises Nos. 12 and 14 West Sixty-eighth street, New York city, which were partially covered by an old four-story private house. The present litigation arises from the unscrupulous methods employed by Flagg to finance the carrying and improvement of such premises.

Bonds and bond receipts were issued and sold by the Flagg Corporation and on April 17, 1922, there was an outstanding amount of some $19,000. The agreement between the corporation and the purchasers of the bonds and the bond receipts required the corporation to create a mortgage on the premises sufficient in amount to secure such bonds and bond receipts, subject to prior incumbrances not exceeding $65,000. On April 17, 1922, the Flagg Corporation duly executed and delivered to " Jared Flagg and Henry A. Jackson, as Trustees for Certain Bondholders," a mortgage of even date covering said premises, which mortgage was duly recorded April 19, 1922. This mortgage was executed, delivered and recorded for the purpose of securing all of such bonds and bond receipts whether issued prior or subsequent to April 17, 1922.

After such date, and during the years 1922 and 1923, the Flagg Corporation issued and sold additional bonds and bond receipts. The plaintiff Kaufman, heretofore appointed by order of this court, is the successor trustee to Flagg and Jackson, while the plaintiff Rorbach is the holder of bonds and bond receipts so issued and sold. Though prior indebtedness was reduced by May 3, 1922, to $65,000, the Flagg Corporation failed and neglected to perform its obligation of executing and recording a mortgage sufficient to secure all of the said bonds and bond receipts.

The plaintiffs' trust mortgage of $20,000 is the mortgage recorded as above and their equitable mortgage is based upon the amount of the bonds and bond receipts issued in excess of such amount.

The defendants' mortgages are subsequent in time and on their face junior liens both to plaintiffs' recorded and equitable mortgages, the first of defendants' mortgages having been made February 25, 1924.

As already noted, no appeal has been taken by the defendants and no exceptions on their part with · respect to any finding or conclusion on the part of the trial justice is within the record before us. The defendants may, therefore, be heard only in support of the decree. (*Matter of Barkley*, 242 N. Y. 528; *Bogorad* v. *Dix*, 176 App. Div. 774; *People* v. *Steeplechase Park Co.*, 165 id. 231.)

The validity of plaintiffs' mortgages must, therefore, be recognized. So, too, it has been established that the mortgage of record was given to secure the bonds here sued upon, and the other facts above detailed have been found.

We are further of opinion that while the trust agreement between Flagg and Jackson as trustees and any other party was not produced, there is sufficient evidence in writing of such agreement. This is found in the recorded mortgage, in the bonds and bond receipts, and in certain subordination agreements hereinafter

discussed. There has been, therefore, sufficient to show compliance with section 242 of the Real Property Law. The question at issue, therefore, is priority as between plaintiffs' mortgages and defendants' mortgages.

The evidence shows that when the first of defendants' mortgages was being placed Flagg either by direct statement, by silence in hearing of such statement by other parties, or both, declared that no consideration had been given for plaintiffs' recorded mortgage; that it had been recorded for convenience in future financing; that no bonds had been issued or sold; that the Flagg Corporation still controlled it and that it could be subordinated. In reliance upon these representations defendants' first mortgage was taken, upon the execution and delivery of a subordination agreement giving priority over plaintiffs' recorded mortgage. This was given by Flagg and Jackson "As Trustees for Certain Bondholders." Defendants' other mortgages were taken upon similar representations repeated verbally or by conduct, and are claimed to be entitled to priority by reason of similar subordination agreements. These latter were executed by Flagg "As Sole Surviving Trustee for certain Bondholders," Jackson having died.

As already appears, the decree appealed from, and from which no appeal has been taken by these defendants, has adjudicated that the plaintiffs' recorded mortgage was executed and delivered for the purpose of securing the bonds and bond receipts held by these plaintiffs or others similarly situated. Clearly, therefore, but for the subordination agreements the mortgages held by these defendants would constitute liens subsequent and not prior to that of the plaintiffs.

In our view the burden of proving authority in Flagg and Jackson, as trustees, and in Flagg, alone, as sole surviving trustee, was upon these defendants. They have clearly failed to sustain such burden. Under the circumstances here disclosed it may not be presumed that the trustees — the plaintiffs' trustees — acted legally and within the scope of their authority. The power in a trustee to sell would not include the power to mortgage (*Bostwick* v. *Hall*, 191 App. Div. 610) and the power given to sell real property would not authorize an exchange. (*Trimboli* v. *Kinkel*, 226 N. Y. 147, 149.) It should not be presumed, therefore, that a trustee under a mortgage has the power to subordinate such mortgage and make such security a junior lien. We are constrained, therefore, to hold that under the circumstances presented in this appeal, the plaintiffs' recorded mortgage is entitled to priority over the mortgages held by these defendants.

The recorded mortgage being valid under the decree appealed

from, it was notice to the world. The defendants assumed the risk of there being any bondholders existing. Indeed, they admit they were put on notice for their brief states that to " think it possible to contend that the recorded mortgage did not direct attention to the *possible* existence of bondholders secured by it, is too absurd to warrant consideration." If they based reliance upon the representations above outlined, why did they not have plaintiffs' recorded mortgage satisfied or discharged of record, rather than merely subordinated? Claiming under this subordination agreement, it was incumbent upon them to prove the authority of the agent executing it.

With respect to the plaintiffs' so-called equitable mortgage, however, a different situation is presented. Again confining discussion to the particular circumstances of this case, we do not see how these defendants were called upon to make further inquiry with respect to any obligation resting on the Flagg Corporation or Flagg except as indicated on the recorded trust mortgage. Under it the obligations were apparently limited to the sum of $20,000. There was nothing to put the defendants on notice that the Flagg Corporation might have issued bonds in excess of such and that it should have mortgaged the property as security for the additional amount or that Flagg as trustee should have seen that this had been done. Such additional obligations were known to the holders of the bonds or bond receipts. The existence or identity of these holders would not be disclosed by public records, nor were the bonds held by them a matter of record. The dereliction of the Flagg Corporation and Flagg was known to them, or at least should have been known. In these circumstances, we think the fault, if any, lies with them, and that the resulting injury should not be caused to rest upon the defendants who were in the position of innocent third parties.

The defendants' mortgages valid and recorded should, under the circumstances, therefore, be given precedence over the plaintiffs' equitable mortgage.

It follows that the judgment appealed from should be modified in accordance with the views here expressed, and as so modified affirmed, with costs to the appellants.

DOWLING, P. J., FINCH, McAVOY, and MARTIN, JJ., concur.

Judgment modified in accordance with opinion, and as so modified affirmed, with costs to the appellants. Settle order on notice, reversing findings inconsistent with this determination and containing such new findings of facts proved upon the trial as are necessary to sustain the judgment hereby awarded.