### STEVENS MFG. CO. v. UNITED STATES.

No. 42008.

Court of Claims.

Nov. 5, 1934.

722

Howe P. Cochran, of Washington, D. C., for plaintiff.

George H. Foster, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

For the years 1919, 1920, and 1921, plaintiff filed its returns and paid its taxes on a calendar-year basis. For the year 1921, the Commissioner of Internal Revenue proposed a deficiency and the plaintiff appealed to the Board of Tax Appeals on the ground that the Commissioner erroneously computed the tax by determining its income on a calendar-year basis. On the evidence presented

the Board held that the taxpayer's income should be computed on a fiscal-year basis ending September 30th, and determined that there was no deficiency for the year 1921.

Thereafter the plaintiff filed claims for refund for the years 1916 to 1919, inclusive, based on the decision of the Board that the income should be computed on a fiscal-year basis. The Commissioner acquiesced in the decision of the Board, recomputed the taxes for the years 1916 to 1920, and presumably for the purpose of ascertaining whether the taxpayer had any objections thereto sent plaintiff a statement showing deficiencies and overpayments as follows:

| Years | Deficiency in tax | Overassessment |
|---|---|---|
| 1916 .............................. | ............. | $814.08 |
| 1917 .............................. | .............. | .............. |
| Period Jan. 1 to Sept. 30, 1918 | ............. | 116,517.66 |
| Fiscal year ended Sept. 30, 1919 .............................. | $16,256.33 | .............. |
| Fiscal year ended Sept. 30, 1920 .............................. | 37,468.77 | .............. |
| Total ...................... | 53,725.10 | 117,331.74 |
| Net overassessment.......... | ............. | 63,606.64 |

Plaintiff responded that it "acquiesces in full" in the overassessments and deficiencies shown in the statement, executed and returned a waiver of right to file a petition before the Board of Tax Appeals with reference to the deficiencies, agreed to the assessment of the deficiencies, and further stated: "The case, therefore, may be closed completely for all years in question."

Shortly after the receipt of this communication from plaintiff, the Commissioner assessed deficiencies with interest as set out in the statement above and executed certificates of overassessment in accordance therewith, which overassessments were found to be overpayments. Part of the overpayments were applied in satisfaction of the deficiencies for 1919 and 1920 and refunds were made to plaintiff of the balance of the overpayments for those years and 1921 amounting to about $250,000. These refunds resulted from a determination that plaintiff's tax should have been computed on a fiscal-year basis instead of on the calendar-year basis on which the return was filed.

Later, the plaintiff filed timely claims for refund for the years 1919 and 1920 in the respective amounts of $16,256.33 and $37,468.-77, which were the amounts of deficiencies assessed for the years 1919 and 1920, as shown by the statement sent plaintiff, and which were paid out of the overassessment. The ground of these claims for refund was that the amount of plaintiff's tax should have been computed on a calendar-year basis, its books not having been closed on the last day of any month other than December.

The defense set up by defendant is that the facts in the case show that plaintiff is estopped from making any claims for refund. The plaintiff contends that there can be no estoppel for the reason that it made no misrepresentations to defendant and that defendant was not misled by plaintiff's actions, also that if there was any mistake on defendant's part it was not as to the facts in the case but was one of law which would not give rise to an estoppel.

We think that plaintiff misapprehends the law which is applicable to the facts in this case. The estoppel set up is an equitable estoppel. In Mahoning Investment Co. v. United States, 3 F. Supp. 622, 630, 78 Ct. Cl. 231, certiorari denied 291 U. S. 675, 54 S. Ct. 526, 78 L. Ed. 1064, we said:

"The doctrine of equitable estoppel, or more properly as we think quasi estoppel, is gradually being extended by the modern courts to prevent a wrong being done 'wherever, in good conscience and honest dealing,' a party ought not to be permitted to repudiate his previous statements and declarations," and cited the case of Rothschild v. Title Guarantee & Trust Co., 204 N. Y. 458, 97 N. E. 879, 881, 41 L. R. A. (N. S.) 740, 3 F. Supp. 622, 630, in support of the doctrine, quoting the following therefrom:

"When a party with full knowledge, or with sufficient notice of his rights and of all the material facts, freely does what amounts to a recognition or adoption of a contract or transaction as existing, or acts in a manner inconsistent with its repudiation, and so as to affect or interfere with the relations and situation of the parties, he acquiesces in and assents to it and is equitably estopped from impeaching it, although it was originally void or voidable. Vohmann v. Michel, 185 N. Y. 420, 78 N. E. 156, 113 Am. St. Rep. 921; 2 Pomeroy's Equity Jurisprudence (3d Ed.) §§ 816–821, 965."

We think this language is particularly applicable to the case now before the court. In the Rothschild Case, supra, the party held to be estopped made no misrepresentation to the other party. All she did was to recognize a certain transaction as valid which she afterwards sought to repudiate. If the other par-

ty had known of her position, it might have availed itself of certain remedies. We think the instant case is even stronger against the plaintiff because it received large benefits from the transaction which it ratified and approved in advance. After the Board of Tax Appeals had decided plaintiff's appeal on the taxes of 1921 and held that plaintiff's taxes should be computed on the basis of a fiscal year ending September 30th, the Commissioner, as the findings show, acquiesced in this decision and proposed to apply it to other years. Presumably for the purpose of ascertaining whether the plaintiff had any objection thereto, he sent to plaintiff the statement set out above. Plaintiff apparently was greatly pleased with the information that in accordance with the decision of the Board of Tax Appeals it would be entitled to a refund of about a quarter of a million dollars. It hastened to express its approval thereof in the language set out above which, as will be seen, was in the most positive terms and stated in substance that the years in question might be "closed completely." Accordingly the Commissioner proceeded to close the case by making assessments and certifying to overpayments in accordance with the statement. This showed, as above stated, a large refund due which was accordingly paid and accepted by plaintiff.

■ Plaintiff now comes into this court and urges that the decision of the Board of Tax Appeals was wrong, and that the facts show that its income should be computed on a calendar-year basis under the decision of this court in Swift & Co. v. United States, 38 F. (2d) 365, 69 Ct. Cl. 171. The case cited by plaintiff is so different in its facts as to have no application, and in any event we do not need to determine the somewhat complicated question of whether the income of plaintiff should be computed on a calendar-year basis or that of a fiscal year. If the estoppel is sustained by the evidence, it is immaterial whether the Commissioner acted in accordance with the law in computing the income on a fiscal-year basis for in such event the plaintiff cannot avail itself of this plea. We are clear that "good conscience and honest dealing" prevent the plaintiff from repudiating its previous statements and declarations. It is not necessary in order to create an equitable estoppel that there should be any misrepresentation as to the facts. It is sufficient if the party against whom an equitable estoppel is set up acquiesced in the transaction in such a manner as to change the relationship of the parties and make its repudiation of the proceedings contrary to equity and good conscience. Here the plaintiff was sent a statement of how the defendant proposed to settle its account for taxes of the years in controversy. It gave its unqualified assent to the application of the taxes in the manner contained in the statement received and assured the defendant that the case was closed. We are not required to determine what might have been the law if the plaintiff had kept silent. In other words, it is not necessary to support the estoppel that it should be shown that defendant would not have made the refund if plaintiff had not approved the proceedings. The estoppel is based upon the action of the plaintiff. It is merely necessary that we should pass on the effect of its having consented to the deficiency assessments, ratified the overassessments, stated that the case might be closed in that manner, and accepted the refund which resulted from a transaction to which it had given its unqualified approval. We are clear that in equity and good conscience plaintiff is estopped from now alleging the invalidity of the transactions which it had so emphatically approved.

It is urged on behalf of plaintiff that there was no mistake of facts on the part of the defendant but a mistake as to the law which determined the kind of return which should be filed. As we have stated above, it is not necessary to determine whether there was any mistake as to the law on the part of the Board of Tax Appeals or the Commissioner. This is not the matter upon which the equitable estoppel in this case is based, which is the conduct of plaintiff in giving the defendant to understand that it ratified and consented to the manner in which defendant proposed to treat plaintiff's taxes and its promise in effect that the whole controversy would be settled thereby. After it had obtained a refund resulting from proceedings which it had ratified in advance, it was clearly estopped from denying their validity.

Plaintiff's petition must be dismissed, and it is so ordered.