## BANK OF NEW YORK v. UNITED STATES.
### Civ. No. 2953.

District Court, D. New Jersey.
Nov. 14, 1947.

Sidney A. Gutkin, of Newark, N. J., for plaintiff.

Roger M. Yancey, Asst. U. S. Atty., of Newark, N. J., for defendant United States.

SMITH, District Judge.

This is a civil action for the recovery of estate taxes which the plaintiff alleges were erroneously assessed and collected. The defendant avers as an affirmative defense that the plaintiff is estopped to maintain the action. The only issue before the court at this time is that raised by this affirmative defense.

Findings of Fact

I. The decedent, Edward R. Nichols, died on September 30, 1935, a resident of Essex County, New Jersey. The last will and testament of the decedent was duly admitted to probate, and pursuant to the terms thereof the plaintiff, Bank of New York (formerly New York Bank and Trust Company), was appointed executor of the decedent's estate and upon appointment qualified.

II. Thereafter, on December 18, 1936, the plaintiff, as executor of the decedent's estate, filed with the then Collector of Internal Revenue for the Fifth District of New Jersey an estate tax return in which it reported a tax liability of $3,204,215.41. This tax was paid on the same date.

III. The Commissioner of Internal Revenue by letter dated August 28, 1937 (commonly termed a thirty day deficiency letter) informed the plaintiff of a proposed deficiency in the amount of $1,304,294.94, before allowance of the eighty percent credit for state inheritance taxes, and a proposed net deficiency tax in the amount of $363,285.90. The proposed deficiency was predicated upon certain adjustments: first, the revaluation of stocks, bonds, and miscellaneous property; and second, the inclusion in the gross estate of property

transferred by the decedent prior to his death, which property was tentatively valued at $743,700.26. The proposed inclusion of the latter property was apparently predicated upon the Commissioner's determination that the transfers were made in contemplation of death and that the property was therefore taxable under the Revenue Act of 1926, as amended. (Exhibit 1.)

IV. The plaintiff by letter dated November 24, 1937 protested the value of the latter property as tentatively determined, but consented "to the addition of $318,722.85 to the gross estate in lieu" thereof. The pertinent provisions of this letter follow: "The above letter proposed to add to the gross estate an amount of $743,700.26 as transfers alleged to have been made in contemplation of death. In order to avoid litigation and to dispose of the entire case promptly, the executor will consent to the addition of $318,722.85 to the gross estate in lieu of the above amount of $743,700.26." The failure of the plaintiff to protest the inclusion of this property in the gross estate is particularly significant because the present action is predicated upon the theory that this property was erroneously included. (Exhibit 2.)

V. The Commissioner of Internal Revenue (acting through the Deputy Commissioner), adopted the proposal embodied in the plaintiff's letter (Exhibit 2), and by letter dated December 27, 1937 (Exhibit 3), informed the plaintiff of a proposed deficiency in the amount of $1,148,125.46, before allowance of eighty percent credit for state inheritance taxes, and a proposed net deficiency tax in the amount of $223,359.12. Thereafter on December 29, 1937 the plaintiff, pursuant to the request of the Commissioner of Internal Revenue, filed a waiver (Form 890—Exhibit 5) in which consent was given "to the assessment and collection of a deficiency in estate tax in the sum of $223,359.12, together with interest thereon as provided by law." This waiver contained the usual provision, to wit, "The submission of the waiver will not prejudice the right to file a claim for refund of any portion of the tax, * * *."

VI. The deficiency in the estate tax in the amount of $223,359.12 was assessed by the Commissioner of Internal Revenue and entered on the assessment list dated January 13, 1938. The tax in the full amount assessed, together with interest thereon, was paid by the plaintiff on January 31, 1938. Thereafter, upon submission of satisfactory evidence of payment of state inheritance taxes, the plaintiff was allowed a credit in the amount of $924,766.34, and was so advised by letter dated April 21, 1939. This letter further advised the plaintiff "the case is considered closed in the Bureau."

VII. Thereafter no further action was taken by the plaintiff until January 20, 1941, when a claim for refund was filed with the Collector of Internal Revenue for the Fifth District of New Jersey. The plaintiff therein asserted a claim for the alleged overpayment of net tax in the amount of $416,937.60, together with interest thereon in the amount of $13,915.58, a total of $430,853.18. This claim was predicated upon two grounds: first, the valuations assigned to certain shares of stock (Allied Chemical and Dye Corporation, common and preferred, and Phelps Dodge Corporation), which valuations, it was urged, were excessive and erroneous; second, the inclusion in the gross estate of $318,722.85, hereinabove referred to in Paragraph IV, which inclusion, it was urged, was erroneous. The present action was instituted on June 17, 1943 upon the failure of the Commissioner of Internal Revenue to take action on the claim for refund.

VIII. While this action was pending, the plaintiff's letter of November 24, 1937 (Exhibit 2 referred to in Paragraphs IV and V) was endorsed by the Commissioner of Internal Revenue and the Secretary of the Treasury as follows:
"Accepted–September 23, 1943.
　　Guy T. Helvering　/s/
　　　　Commissioner of Internal Revenue.
Approved–September 24, 1943.
　　John L. Sullivan　/s/
　　　　Secretary of the Treasury."

## Discussion

The pertinent facts, which are not disputed, may be briefly summarized. The plaintiff, upon being informed of the proposed deficiency (Paragraph III), agreed to the inclusion in the gross estate of the property transferred in contemplation of death, and protested only the valuation assigned to this property. (Paragraph IV.) The plaintiff in its letter of November 24, 1937 (Exhibit 2, Paragraph IV), proposed as a basis for "settlement" an adjustment in this valuation and agreed to a valuation of $318,722.85. This proposed adjustment, together with other adjustments to which the plaintiff agreed, was adopted by the Commissioner of Internal Revenue and subsequently embodied in the statement of account (Exhibit 3), which was submitted to the plaintiff on December 27, 1937. The net deficiency tax as computed and therein stated, was paid by the plaintiff without protest and accepted by the Commissioner of Internal Revenue. It is our opinion that the essentials of an account stated and settled were present. R. H. Stearns Co. v. United States, 291 U.S. 54, 65, 66, 54 S.Ct. 325, 78 L.Ed. 647; Cf. Bonwit Teller & Co. v. United States, 283 U.S. 258, 51 S.Ct. 395, 75 L.Ed. 1018. This opinion is fortified, we think, by the fact that the plaintiff consented to the assessment and collection of a deficiency tax determined on the basis proposed by it and did not attempt to repudiate the account stated and settled until after the only remedy available to the Commissioner of Internal Revenue was barred by statute.

The Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 870 et seq., authorizes the Commissioner of Internal Revenue to assess an additional tax upon his determination of a deficiency. Such an assessment, however, must be made within three years after the return is filed and may not be made thereafter, 26 U.S.C.A. Int.Rev.Code, § 874. The authority of the Commissioner of Internal Revenue to assess a deficiency tax terminated in the instant case on December 18, 1939. It would seem unconscionable to permit the taxpayer to repudiate an account stated and settled after the expiration of this statutory period especially where, as here, the deficiency tax was computed and assessed on the basis proposed by the taxpayer and adopted by the Commissioner of Internal Revenue. R. H. Stearns Co. v. United States, supra, 291 U.S. at page 61, 54 S.Ct. at page 328; Wheelock v. Commissioner of Internal Revenue, 5 Cir., 77 F.2d 474; Backus v. United States, 59 F.2d 242, 70 Ct.Cl. 69; Ralston Purina Co. v. United States, 58 F.2d 1065, 75 Ct.Cl. 525; Stevens Mfg. Co. v. United States, 8 F.Supp. 720, 80 Ct. Cl. 183; Naunkeag Steam Cotton Co. v. United States, 2 F.Supp. 126, 76 Ct.Cl. 687. The accepted principles of equity preclude the repudiation of an account stated and settled under such circumstances. Ibid.

The reservation by the plaintiff of his right to file "a claim for refund of any portion of the tax," contained in the waiver (Form 890, Exhibit 5), was not inconsistent with the account stated and settled, which embraced only the items then in dispute. Any items not embraced within the account stated and settled were preserved and could have been made the basis of a claim for refund and a subsequent suit founded thereon, unless barred by the statute of limitations. See United States v. A. S. Kreider Co., 313 U.S. 443, 61 S.Ct. 1007, 85 L.Ed. 1447. The present suit, however, as well as the claim for refund which preceded it, is predicated solely upon the items embraced within the account stated and settled. This may not be true of the items identified in the complaint as "Item 2" and "Item 8"; these items were not so identified in the account stated and settled, and may not have been embraced within it. Any claim for refund based upon the latter items appears to be barred by statute, Revenue Act of 1926, § 319(b), 26 U.S.C.A. Int.Rev.Code, § 910, which limits the amount of the refund to "the portion of the tax paid during the three years immediately preceding the filing of the claim." The only payment here made by the plaintiff was that in settlement of the account stated.

There are other questions raised in the brief but we think it unnecessary to decide them. We have considered the questions and we believe that their determination

would be inconsistent with the opinion we have herein expressed.

### Conclusion of Law

It is our conclusion that the principles of equity prohibit the plaintiff's repudiation of the account stated and settled, and the plaintiff is therefore estopped to maintain this action. The action will be dismissed upon the entry of a proper order of dismissal.