**Gary HOWARD and Ronald Tucker, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 386–87 C.**

United States Claims Court.

July 2, 1991.

Rick Harrison, Austin, Tex., for plaintiffs.

Jeanne Davidson, with whom were David M. Cohen, Director, Commercial Litigation Branch, and Stuart M. Gerson, Asst. Atty. Gen., Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendant. Arthur Rettinger, was of counsel.

## ORDER

SMITH, Chief Judge.

Upon considering counsels' briefs, hearing oral argument and making an analysis of the law the court denies the government's Motion to Dismiss.[1]

The two bases for the government's dispositive motion are: 1) the plaintiffs do not have an express or implied agreement with the government; 2) if the court finds a contract, the "contracting" officials lacked authority to enter into the agreement, rendering it invalid. The government also disputes the plaintiffs' claim that equitable estoppel may apply, even if there is no contract or ratification of the agreement between the plaintiffs and officials of the United States Customs Service (Customs).

The government has challenged the existence of any agreement between it and the plaintiffs. However, the government's pleadings and its employees have stated that an agreement of some kind did exist between the parties. The scope of the agreement is not clear. The government has stated that it entered into a "commission arrangement." Def. Reply at 9–10.

---

1. The court notes that a protective order exists in the instant case. There is no protected information contained in this order.

The plaintiffs have claimed that the agreement included reimbursement for expenses. The plaintiffs also allege that the agreement included profits.

■ Addressing the alleged lost profits first, the court holds that there can be no contract which binds a federal law enforcement agency to indict and prosecute a suspected arms dealer. Had Mr. Ian Smalley been convicted, it is very likely that the plaintiffs might have been able to earn profits, but it would be violative of public policy to award damages to the plaintiffs for lack of a successful prosecution. Therefore, no action could lie against the government for its failure to prosecute Mr. Smalley successfully. Assuming a lawful obligation, it could only cover the plaintiffs' expenses—absent a completed arms sale in the course of the sting.

■ At issue in this case are the agreements' scope and the government's approval/ratification. These questions are linked closely. There are facts which indicate that senior Customs officials knew about the plaintiffs, their activities and the agreement. At a minimum they may have acquiesced to lower-level officials' representations that a contract did exist. On the other end of the spectrum, those senior officials may have either approved or ratified the contract. Howard and Tucker must show at trial that those Customs officials with actual authority to bind the government to such agreements acted in such a way that a contract was formed. Further, they must show that those officials knew: 1) the facts surrounding the agreement; 2) the nature of that obligation; and 3) the scope of the agreement.

■ The plaintiffs also allege that the government is estopped from denying compensation to them. They claim that the government's actions were such that estoppel applies against the government in this case. Equitable estoppel does not exist against the government as it would against a private party. *Office of Personnel Management v. Richmond,* — U.S. —, 110 S.Ct. 2465, 2468, 110 L.Ed.2d 387 (1990). Indeed, the doctrine has been extremely narrowed in use against the government. The court holds that the government has neither shown that equitable estoppel has been eliminated, nor has it shown that the plaintiff would fail under any of the prongs of the test for equitable estoppel in *Richmond* and the various Court of Claims cases (*e.g., Emeco Industr., Inc. v. United States,* 202 Ct.Cl. 1006, 1015, 485 F.2d 652 (1973); *Branch Banking & Trust Co. v. United States,* 120 Ct.Cl. 72, 88, 98 F.Supp. 757 (1951); *Stevens Mfg. Co. v. United States,* 80 Ct.Cl. 183, 192–93, 8 F.Supp. 720 (1934)). It is possible that in addition to the traditional four-part test for equitable estoppel, the plaintiffs may have to show affirmative misconduct. *Cf. Immigration & Naturalization Serv. v. Miranda,* 459 U.S. 14, 17–19, 103 S.Ct. 281, 282–284, 74 L.Ed.2d 12 (1982). Therefore, the defendant's Motion to Dismiss also must be denied on this count.

In sum the government has not met its burden under the law to show that this case must be dismissed for lack of jurisdiction. Had this proceeding been on cross-motions for summary judgment, or were the facts, which are available to the court presently, the only facts adduced at trial, the outcome likely would have been different. However, the court is here today to rule on the government's Motion to Dismiss. For the above stated reasons, the court denies the government's Motion to Dismiss. The government shall file its answer by July 31, 1991. Also, counsel shall file their joint proposed schedule for trial by July 31, 1991.