MAGDALENA W. DE SABICHI, Petitioner, *v.* COMMISSIONER OF INTERNAL REVENUE, Respondent.

Docket No. 10802.   Decided July 28, 1926.

Under the provisions of the Revenue Act of 1926, where an appeal has been taken from the determination of a deficiency in gift tax, the Board has jurisdiction to hear the appeal and determine any overpayment, even though the tax may have been paid after the appeal was taken. The same jurisdiction is extended by the Act to appeals taken under section 308 (a) of the Revenue Act of 1924, prior to and undetermined at the date of the enactment of the Revenue Act of 1926.

*Frank G. Butts, Esq.*, for the petitioner.
*F. T. Horner, Esq.*, for the respondent.

Before Phillips.

Phillips: This appeal is before us upon motion of the Commission to dismiss for want of jurisdiction. It appears that the taxpayer

filed with the collector of internal revenue for her district a return under the so-called " gift tax " provisions of the Revenue Act of 1924, which return reported certain transfers of property made by the taxpayer but expressly recited that it was made under protest and without any admission or confession that there was any tax liability whatever on the transfers reported. On December 1, 1925, the Commissioner mailed to the taxpayer notice of his final determination that the amount of gift tax was $282,618.19, of which $244,-045.08 is stated to be the amount disclosed by the return and $38,573.11 is stated to be a deficiency. On or about December 9, 1925, the taxpayer received notice and demand for payment of $244,045.08 from the collector for her district. On January 11, 1926, an appeal was filed with the Board alleging, among other errors, that no tax whatever should have been assessed or determined.

While such appeal was pending undetermined, the Revenue Act of 1926 was passed, amending the Revenue Act of 1924 by reducing the rates of taxation. On February 23, 1926, taxpayer paid to the collector for her district $194,876.15, which the Commissioner contends is the correct amount of tax and interest under the rates as revised by the 1926 Act.

The Commissioner moves that the appeal be dismissed on the ground that " the Board is without jurisdiction to hear and determine the appeal in that the taxpayer has paid the entire amount of the tax."

For our jurisdiction we must look to the provisions of the Revenue Act of 1926. (Sec. 904 of the Revenue Act of 1924, as amended by the Revenue Act of 1926.) Section 318 (b) of the 1926 Act provides :

If before the enactment of this Act any person has appealed to the Board of Tax Appeals under subdivision (a) of section 308 of the Revenue Act of 1924 * * * and the appeal is pending before the Board at the time of the enactment of this Act, the Board shall have jurisdiction of the appeal.

Each of these conditions existed on February 26, 1926, the date when the Revenue Act of 1926 was enacted, and there can be no doubt that the Board has jurisdiction if only for the purpose of determining whether there has been an overpayment of tax.

Section 318 (b) further provides that in the cases enumerated—

the powers, duties, rights, and privileges of the Commissioner and of the person who has brought the appeal, and the jurisdiction of the Board and of the courts, shall be determined * * * in the same manner as provided in subdivision (a) of this section, except * * *.

Subdivision (a) of that section provides in substance that the procedure for the assessment, collection and payment of deficiencies determined under acts prior to the Revenue Act of 1926 shall be the same as where notice is sent under subdivision (a) of section 308 of the Act. That subdivision provides for notices of deficiency in tax

under the provisions of the 1926 Act and for appeal therefrom. The sections which follow lay down in more detail the jurisdiction of the Board and the procedure to be followed after notice of deficiency has been given.   Section 312 (i) provides in part:

When the petition has been filed with the Board and when the amount which should have been assessed has been determined by a decision of the Board which has become final, * * * if the amount already collected exceeds the amount determined as the amount which should have been assessed, such excess shall be refunded.

Substantially the same provision is contained in section 319 (c), which reads:

If the Board finds that there is no deficiency and further finds that the executor has made an overpayment of tax, the Board shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Board has become final, be credited or refunded to the executor as provided in section 3220 of the Revised Statutes, as amended. * * *.

That section further provides that, where an appeal has been taken to the Board from the determination of a deficiency made after the enactment of the 1926 Act, no refund shall be made except in accordance with the decision of the Board which has become final.

It is clear that, under the Revenue Act of 1926, when notice of a deficiency has been mailed to the taxpayer and an appeal taken to the Board, the Board has jurisdiction not only to determine whether such deficiency should be assessed or collected, but also whether there has been any overpayment of the tax, and that in such case the taxpayer has no method of securing a refund other than to prosecute his appeal before the Board.   This jurisdiction is not lost by reason of the fact that, after the appeal is taken, the deficiency may be assessed and collected.   This same jurisdiction to determine overpayments now exists with reference to appeals which were taken before the enactment of the Revenue Act of 1926 and which were pending undetermined when that Act became a law.

*The motion to dismiss is denied.*