WALTER S. HUGHES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16175. Promulgated March 5, 1928.

*Kenneth Howes, Esq.,* for the petitioner.
*Arthur H. Murray, Esq.,* for the respondent.

1160

OPINION.

ARUNDELL: The respondent determined a deficiency in respect of the tax of the petitioner and notified petitioner thereof. The petitioner seasonably and in due form filed a petition with the Board praying for a redetermination of the deficiency asserted. These facts, on their face, give us jurisdiction. But the respondent says that at the time the petition was filed there was no deficiency for us to review, the amount that at one time had been asserted as a deficiency having been assessed and paid in full. In *Northwestern Mutual Life Insurance Co.*, 1 B. T. A. 767, upon which respondent relies, we held that under the Revenue Act of 1924 an appeal from the determination of a deficiency lapsed upon payment of a jeopardy assessment made subsequent to the filing of the petition. The present case, however, arises under the Revenue Act of 1926, and by this Act changes were effected in both the jurisdiction of the Board and in the system of contesting deficiencies in the Bureau of Internal Revenue. An example of the change wrought in our jurisdiction is found in the case of *De Sabichi* v. *Commissioner*, 4 B. T. A. 445, where, after filing a petition for redetermination, the petitioner paid the tax. We there held that under the 1926 Act jurisdiction is not lost by reason of the fact that after an appeal is taken the deficiency may be assessed and collected. Under the 1924 Act a taxpayer had the right to file a claim for abatement of an additional tax assessed. This he may not do under the 1926 Act. In lieu of the former method of contesting assessments by means of abatement claims, Congress has

provided that a taxpayer may file a petition with the Board for a redetermination of the tax in dispute. Section 279 of the Revenue Act of 1926. That section was inserted by Senate Amendment 86, and the conference report with respect thereto contains the following explanation:

* * * The Senate amendment substitutes for the system of claims in abatement of the House bill a system of jeopardy assessments which does not interfere in any manner with the regular course of procedure of deficiency letters, petitions to the board, and review of the board's decision by the Circuit Court of Appeals. Upon the making of the jeopardy assessment, the taxpayer, if he so desires, may stay the collection of the tax by filing a bond. *If he does not elect to file a bond, the Commissioner may collect the tax, but the right of the taxpayer to have the correct amount of the deficiency determined by the board and the appellate courts is not interfered with*, and if in the course of such procedure it is decided that he has overpaid the tax a refund will be made to him. (Page 42, Conference Report, February 22, 1926.) (Italics supplied.)

This language, it seems to us, removes all doubt as to the intent of Congress to allow appeals in cases such as we have here.

The respondent's motion to dismiss is denied and the proceeding will be placed on the general calendar for hearing on the merits in due course.

*An order will be entered accordingly.*