## ROOS v. UNITED STATES.
### No. 43616.

Court of Claims.
Feb. 5, 1940.

Samuel H. Horne, of Chicago, Ill. (Hopkins, Sutter, Halls & De Wolfe, of Chicago, Ill., and Livingston & Livingston, of San Francisco, Cal., on the brief), for plaintiff.

George H. Foster, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, Sp. Assts. to Atty. Gen., on the brief), for defendant.

Before WHALEY, Chief Justice, and GRE N, LITTLETON, WILLIAMS, and WHITAKER, Judges.

LITTLETON, Judge.

■ The question in this case is whether the notice on Treasury Form 870 executed and filed by plaintiff under and pursuant to the provisions of subdivision (d) of section 274 of the Revenue Act of 1926 prior to the date on which the Commissioner of Internal Revenue made a final

determination in respect to plaintiff's tax liability for 1927, and mailed notice of such determination to the taxpayer, operated to stop the running of interest under the provisions of section 274(j) of the Revenue Act of 1926 on the amount of $18,447.91 as a deficiency for 1927 on a date thirty days after the filing. The Commissioner held that a waiver filed under section 274(d) could not operate to stop the running of interest unless filed after he had made a final determination of the tax liability and mailed a deficiency notice under the provisions of section 274(a) of the 1926 Act. This conclusion of the Commissioner was based on the decision in Standard Portland Cement Co. et al. v. Commissioner of Internal Revenue, 3 Cir., 80 F.2d 585.

We are of opinion from a consideration of the various provisions of the Revenue Acts of 1924 and 1926, hereinafter discussed, and the provision of section 274(d) of the Revenue Act of 1926 granting a taxpayer the right at any time to file a waiver, such as the one involved in this proceeding, that the decision of the Commissioner was incorrect and that plaintiff is entitled to recover the total amount of interest collected on $18,447.91 for the period commencing thirty days after the filing by plaintiff of the waiver mentioned under section 274(d) of the Revenue Act of 1926. The waiver in question was a blank form prepared by the Treasury Department, and was designated Form 870. It was entitled "Waiver of Right to File a Petition with the United States Board of Tax Appeals," and was as follows: "The undersigned taxpayer hereby waives the right to file a petition with the United States Board of Tax Appeals under Section 274(a) of the Revenue Act of 1926, and consents to the assessment and collection of a deficiency in tax for the year or years 1927 aggregating $18,447.91, as indicated in the statement of the Internal Revenue Agent in Charge at San Francisco, Calif., dated Nov. 14, 1929."

At the bottom of this waiver was a notation stating that "This waiver does not extend the statute of limitations for refund or assessment of tax, and is not an agreement as provided under Section 606 of the Revenue Act of 1928 [26 U.S.C.A. § 1660], * * *." This notice was not required to be accepted or signed by the Commissioner in order to become effective.

The Revenue Act of 1924, 43 Stat. 253, approved June 2, 1924, in section 900 cre-

ated the United States Board of Tax Appeals and conferred upon it jurisdiction to review determinations of deficiencies by the Commissioner of Internal Revenue. Section 273 of that act defined a deficiency and section 274(a) provided that if the Commissioner should determine a deficiency the taxpayer should be notified thereof by registered mail, and that the taxpayer should have sixty days after the mailing of such notice within which he might, if he so desired, file an appeal with the Board of Tax Appeals. The section further provided that the Commissioner should not assess the deficiency, or any part thereof, until after the expiration of the sixty days following the mailing of the deficiency notice and that the tax should then be assessed if the taxpayer did not file an appeal to the Board, but that if an appeal should be filed with the Board within the sixty-day period the deficiency should not be assessed until the Board had entered its decision in the case. These provisions requiring that assessment and collection be withheld were intended solely for the taxpayer's benefit.

Subdivision (f) of section 274 of the Revenue Act of 1924 imposed interest at 6 percent per annum on the amount determined by the Commissioner or by the Board of Tax Appeals as a deficiency from the date on which the original tax or installments for the year involved became due to the date on which the deficiency was assessed. Prior to the enactment of this act, deficiencies in tax did not bear interest unless they remained unpaid for more than ten days after notice and demand for payment thereof by the collector. The 1924 Act contained no express provision for the stopping of interest on the deficiency through a waiver by the taxpayer of the provisions of section 274 requiring the Commissioner to withhold assessment and collection except in the case of a jeopardy assessment until a deficiency notice had been mailed and for sixty days thereafter, or, if an appeal was filed with the Board, until the Board had entered its decision. Of course, under the 1924 Act, as under all revenue acts, a taxpayer might at any time pay any tax which he believed to be due the Government, but under the provisions of the statutes he was not required to do so until after the Commissioner had made a determination thereof and the taxpayer had been given an opportunity to be heard thereon. However, as pointed out in Lehigh Portland Cement Co. v. United

States, decided December 4, 1939, 90 Ct.Cl. ——, 30 F.Supp. 217, the Board of Tax Appeals held under the 1924 Act that the term "deficiency," as defined in section 273, did not include an additional tax which had been paid by the taxpayer either before or after the Commissioner had mailed a deficiency notice and that if the Commissioner determined a deficiency and mailed a notice thereof, the payment of the deficiency before or after the taxpayer filed an appeal with the Board deprived the Board of jurisdiction to the extent of such payment inasmuch as the Board did not under that act have jurisdiction to determine overpayments. Section 277(b) of the Revenue Act of 1924 provided that the period for assessment of a deficiency should be extended by sixty days if a notice of such deficiency was mailed by the Commissioner under section 274(a) and no appeal was filed with the Board, or, if an appeal was filed with the Board, the limitation period on assessment should then be extended by the number of days between the date of mailing of the deficiency notice and the date of final decision by the Board.

Section 274(a) of the Revenue Act of 1926, approved February 26, 1926, was, so far as material here, the same as the Revenue Act of 1924, except it provided that the whole or a part of an amount defined as a deficiency by section 273 might be assessed and collected before the time specified if the taxpayer concerned filed with the Commissioner, under subdivision (d) of section 274, a signed notice in writing waiving the restrictions provided in subdivision (a) with reference to the withholding by the Commissioner of assessment and collection of the whole or any part of a deficiency. The exact language of subdivision (d) is as follows: "The taxpayer shall at any time have the right, by a signed notice in writing filed with the Commissioner, to waive the restrictions provided in subdivision (a) of this section on the assessment and collection of the whole or any part of the deficiency." The 1926 Act also gave the Board jurisdiction to determine in any case whether or not the taxpayer had, either before or after the deficiency notice was mailed, overpaid the tax due for any year in respect of which the Commissioner determined a deficiency within the meaning of section 273. Section 277(b), Revenue Act of 1926, re-enacted and continued the provision of the Revenue Act of 1924 with reference to the suspension of the period of limitation on assessment and collection of the whole or a part of an amount constituting a deficiency as originally enacted in the Revenue Act of 1924 with certain modifications not material here. Subdivision (j) of section 274 of the 1926 Act reenacted the provision of the 1924 Act requiring the collection of interest on a deficiency and specified that such interest should be collected from the date prescribed for the payment of the original tax or, if paid in installments, from the date prescribed from the date of the first installment to the date the deficiency should be assessed, "or, in the case of a waiver under subdivision (d) of this section, to the thirtieth day after the filing of such waiver or to the date the deficiency is assessed whichever is the earlier." This language shows that it was contemplated that the waiver might be filed before a determination of the correct tax liability by the Commissioner. The Revenue Act of 1926, as it passed the House of Representatives, did not contain subdivision (d) of section 274 or the above-mentioned portion of subdivision (f). These provisions were recommended by the Senate Finance Committee and accepted. In explaining these provisions, the Senate Finance Committee in its Report No. 52, 69th Congress, 1st sess., 1926, at page 27 stated: "The law provides that where a deficiency is assessed there shall be assessed at the same time interest at the rate of 6 percent from the time the deficiency should have been paid to the date of assessment. In order to permit the taxpayer to pay the tax and stop the running of interest, the committee recommends in section 274(d) of the bill that the taxpayer at any time be permitted to waive in writing the restrictions on the commissioner against assessing and collecting the tax, but without taking away the right of the taxpayer to take the case to the board. It is provided in such cases that the 6 percent interest stops running on the thirtieth day after the filing of such waiver unless assessment is made before such time."

From what has been shown above we think it is clear that the execution of and the filing with the Commissioner by plaintiff of the signed notice in writing stopped the running of interest on the amount of $18,447.91 of the deficiency for 1927 thirty days after the filing of such notice, and that the notice was valid and effective for that purpose, notwithstanding the fact that it was filed prior to the date on which the Commissioner made his final determination

with respect to plaintiff's tax liability for 1927 and mailed notice to plaintiff by registered mail disclosing the result of his determination. The fact that plaintiff included in the notice a provision that she also waived the right to appeal to the Board of Tax Appeals from a determination by the Commissioner of a deficiency for that year, to the extent of $18,447.91, did not affect the validity or legality of the waiver. Nor do we think the notice had the effect of changing or modifying any provision of the statute, except those provisions of section 274 to the effect that the Commissioner should withhold assessment and collection until 60 days after the deficiency notice had been mailed or, if an appeal was filed, until the decision of the Board became final. Section 274(d) is so clear as to leave no room for doubt that plaintiff had the right at any time to waive the restrictions on assessment and collection provided in subdivision (a) of section 274 with respect to the whole or any part of a deficiency; and that the provision of subdivision (j) of section 274, that, if the taxpayer does so, interest on the amount with respect to which the restrictions are waived shall be assessed and collected only to the thirtieth day after the filing of such waiver or to the date the amount is assessed, whichever is the earlier, is equally clear. Provision for the filing of a written notice waiving the restrictions mentioned was never intended, as is shown by a consideration of other provisions of the statute, to affect in any way the right or duty of the Commissioner to proceed, as provided by the statute, to determine the correct tax liability for the taxable year involved and to mail a notice to the taxpayer setting forth the result of such determination. And, as shown by the report of the Senate Finance Committee quoted above, it was never intended that a taxpayer by waiving the restrictions on assessment and collection should lose the right of appeal to the Board of Tax Appeals. On the contrary, the committee specifically pointed out that the purpose of subdivision (d) was to permit the taxpayer to pay a deficiency in whole or in part without losing the right of taking the case to the Board of Tax Appeals whenever the Commissioner should render his final determination. If it had been intended that a taxpayer could not effectively waive the restrictions on assessments and collection before the Commissioner had made his final determination and mailed a deficiency

notice, we think Congress would have used language sufficiently clear to disclose that purpose rather than stating specifically that the taxpayer might have that right at any time. Moore v. Cleveland Railway Co., 108 F.2d 656, decided by the Sixth Circuit January 11, 1940, Prentice-Hall, Federal Tax Service 1940, Vol. 4, ¶ 62,370.

Of course that portion of the waiver filed by plaintiff which waived the right to appeal to the Board of Tax Appeals did not become operative until the Commissioner had mailed the deficiency notice, because her right to appeal did not accrue until then. Its inclusion in the waiver of restrictions on assessment and collection did not affect in any way the validity or legality of the waiver as terminating the right of the Commissioner to assess and collect interest for a period subsequent to a date thirty days after filing of the waiver. Although there is no provision in the statute with reference to the filing by a taxpayer of a waiver of the right to appeal to the Board of Tax Appeals, such right may be waived under the well-established rule that a person may waive any provision of a statute intended for his benefit. Lehigh Portland C, nent Co. v. United States, supra. That 1 ght may, under general principles of law, be waived in writing or by not taking an appeal to the Board of Tax Appeals, but, in either event, other provisions of the statute with reference to the determination by the Commissioner of a deficiency, the mailing of notice and the suspension of the statute of limitations are not affected unless there is some positive provision of the statute to that effect. Neither a taxpayer nor an agent of the Government can waive a statutory provision intended for the benefit of the Government without express authority of law.

The fact that plaintiff appealed to the Board of Tax Appeals for 1927 after the Commissioner had mailed a deficiency notice in which he determined a deficiency of $23,432.01 for 1927 which was in excess of the amount of the deficiency with respect to which plaintiff had waived the restrictions on assessment and collection does not affect the question here involved. As above stated, the waiver by plaintiff of the restrictions mentioned in section 274(a) on assessment and collection of the amount specified in the waiver was effective and was independent of the waiver of her right to appeal to the Board of Tax Ap-

peals as to such amount. When the Commissioner, in his final determination, subsequently determined that there was a deficiency in excess of the amount mentioned in the waiver, the taxpayer had the right to take the case to the Board of Tax Appeals or to pay the tax and bring suit to recover in whole or in part.

Judgment will be entered in favor of plaintiff for $4,350.06 with interest at 6 percent per annum from October 5, 1934, to a date not more than 30 days preceding the refund check as may be determined by the Commissioner of Internal Revenue. It is so ordered.