PAYSON v. COMMISSIONER OF INTERNAL REVENUE.

No. 175, Docket 20831.

Circuit Court of Appeals, Second Circuit.

March 2, 1948.

J. Sterling Halstead, of New York City, for petitioner.

Theron Lamar Caudle, Asst. Atty. Gen., and Sewall Key and Helen Goodner, Sp. Assts. to Atty. Gen. (Melva M. Graney, of Washington, D. C., of counsel), for respondent.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

 This proceeding involves a deficiency in the petitioner's income tax liability for the year 1941. Two questions are presented for decision. The first is whether the Commissioner was precluded from determining the deficiency in suit by reason of the taxpayer having paid a previously determined deficiency for the same year, after signing a waiver of restrictions on the assessment and collection of that deficiency. After an audit of his 1941 return the taxpayer was notified of an additional tax of $6,900.70. In July 1944 he signed Form 870 of the Treasury Department, Internal Revenue Service, which is a "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax"; and thereafter he paid said additional tax with interest thereon. Such a waiver is provided for by section 272(d) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code § 272 (d).[1] After payment of this deficiency the taxpayer was notified of an additional deficiency resulting from disallowance of a capital loss claimed in his return. This item had not been disallowed in the determination of the first deficiency. In contesting the additional deficiency, the taxpayer contended before the Tax Court, and reasserts here, that the Commissioner's acceptance of the waiver and of payment of the first deficiency estops him from assessing and collecting the second. The argument, as we understand it, is that where the United States has received the consideration due it under an agreement it cannot refuse to perform its own obligations thereunder.[2] But the cases relied upon are inapposite because the waiver imposed no obligation on the United States. On the contrary it expressly gave the taxpayer notice that it was not a final closing agreement and did not preclude the assertion of a further deficiency.[3] By his waiver the tax-

[1] "(d) Waiver of restrictions. The taxpayer shall at any time have the right, by a signed notice in writing filed with the Commissioner, to waive the restrictions provided in subsection (a) of this section on the assessment and collection of the whole or any part of the deficiency."

[2] Clark v. United States, 95 U.S. 539, 24 L.Ed. 518; Dewey Bros. Co. v. United States. 62 Ct.Cl. 301; United & Globe Rubber Mfg. Co. v. United States, 51 Ct. Cl. 238.

[3] Form 870 contains the following printed matter just below the taxpayer's signature:

"Note.—The execution and filing of this waiver at the address shown in the accompanying letter will expedite the adjustment of your tax liability as indicated above. It is not, however, a final closing agreement under section 3760 of the Internal Revenue Code [26 U.S.C.A. Int.Rev.Code, § 3760], and does not, therefore, preclude the assertion of a further deficiency in the manner provided by law should it subsequently be determined that additional tax is due, nor does it extend the statutory period of limitation for refund, assessment, or collection of the tax."

payer surrendered his right to appeal that particular deficiency to the Tax Court, but not his right to claim a refund of the tax,[4] and in return he obtained relief from the running of interest on the deficiency, as stated in Internal Revenue Code § 282(a), 26 U.S.C.A. Int.Rev.Code, § 292(a). The Tax Court rightly held that the claim of estoppel is groundless.

■ The second question is whether the capital loss claimed in the taxpayer's return was properly disallowed. During 1941 Refined Syrups Sales Corporation, of which the taxpayer was a shareholder, sold its assets to Refined Syrups & Sugars, Inc., in exchange for a substantial block of the latter's preferred and common stock, and the stock so received by the Sales Corporation was distributed in liquidation to its shareholders. The value of the Sugars stock distributed to the taxpayer was $151,120 less than the cost of his Sales stock, and he claimed two-thirds of the loss as a deductible capital loss. The Commissioner disallowed it on the ground that the transaction between the two corporations was a tax-free reorganization as defined in section 112(g) (1) (D), I.R.C., 26 U.S.C.A. Int.Rev.Code, § 112(g) (1) (D), and the dissolution and liquidation of the Sales corporation was a part of the plan of reorganization. The Tax Court held that the acquisition of the assets of the Sales corporation constituted a tax-free reorganization as defined in subdivision (C), instead of (D), and its opinion stated that this was not disputed by the parties. The taxpayer contends that it was disputed and that because of the Tax Court's contrary assumption it failed to make a finding that substantially all the assets of the Sales corporation were transferred to Sugars, Inc., and therefore the case must be remanded. We see no necessity for a remand. All the facts were before the Tax Court and its opinion sets out all the evidentiary facts needed for its decision that a reorganization took place under section 112(g) (1) (C). The fact that the Sales corporation used some of its assets to settle pending litigation and to discharge certain liabilities before transferring the remain-

der to Sugars, Inc., does not affect the applicability of the section. See Western Industries Co. v. Helvering, 65 App.Div. 205, 82 F.2d 461, 464.

Finding no error in the Tax Court's decision, we affirm it.

---

4 Cf. Bank of New York v. United States, D.C.N.J., 76 F.Supp. 549.