**ASSOCIATED MUTUALS, Inc. v. DELANEY.**

No. 4406.

United States Court of Appeals
First Circuit.

July 14, 1949.

John Dane, Jr., Boston, Mass., for appellant.

I. Henry Kutz, Sp. Asst. to Atty. Gen., Washington, D. C., (Theron L. Caudle, Asst. Atty. Gen., and Ellis N. Slack, A. F. Prescott and Frederic G. Rita, Sp. Assts. to Atty. Gen., and George F. Garrity, U. S. Atty., and W. Arthur Garrity, Jr., Asst. U. S. Atty., both of Boston, Mass., on the brief), for appellee.

Before MAGRUDER, Chief Judge, WOODBURY, Circuit Judge, and HARTIGAN, District Judge.

MAGRUDER, Chief Judge.

Associated Mutuals, Inc., a Massachusetts corporation, has taken this appeal from a judgment dismissing its amended complaint against a collector of internal revenue. The relief sought was an injunction against the prosecution of any proceeding for the collection of certain taxes.

In 1944 Frank R. Huemmer, an internal revenue agent, audited the taxpayer's 1941 and 1942 income tax returns and its refund claims for 1936, 1937 and 1942. Huemmer told Mark Kemper, who supervised the preparation of the taxpayer's returns and represented it in discussions with Huemmer, that he would report a deficiency for 1941 and that he would recommend that certain overpayments he found for 1936, 1937, and 1942 be credited against this deficiency.

At Huemmer's suggestion, the taxpayer then executed and filed with the Collector a Treasury Department Form 874 (Internal Revenue Service, Revised May 1939) entitled "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment", specifying therein the deficiency for 1941 and the overpayments for the other years, in accordance with Huemmer's report. This form reads:

"Pursuant to the provisions of Section 272(d) of the Internal Revenue Code and/or the corresponding provisions of prior internal revenue laws, the restrictions provided in Section 272(a) of the Internal Revenue Code and/or the corresponding provisions of prior internal revenue laws as amended are hereby waived and consent is given to the assessment and collection of the following deficiency or deficiencies in tax: * * * amounting to the total sum of $10,726.47 together with interest thereon as provided by law, and the following overassessment or overassessments of tax are accepted as correct: * * * amounting to the total sum of $6,038.21."

At the bottom of the form, below the taxpayer's signature, appears a note reading in part:

"Note.—The execution and filing of this waiver at the address shown in the accompanying letter will expedite the adjustment of your tax liability as indicated above. It is not, however, a final closing agreement under section 3760 of the Internal Revenue Code [26 U.S.C.A. § 3760], and does not, therefore, preclude the assertion of a further deficiency in the manner provided by law should it subsequently be determined that additional tax is due, nor does it extend the statutory period of limitation for refund, assessment, or collection of the tax."

In its complaint the taxpayer alleged that it "indicated to [Huemmer] that it was prepared to waive its right to file a petition in the Tax Court of the United States and to consent to the immediate assessment of the alleged 1941 deficiency on condition that the Commissioner of Internal Revenue schedule the over assessment alleged in the plaintiff's refund claims for the years 1936, 1937, and 1942 and set forth on the said Form 874 * * * Accordingly, and on this express condition the plaintiff executed said Form 874 and delivered it to the Commissioner of Internal Revenue." This allegation was denied by the Collector, except to the extent of admitting that "prior to the execution of said Form 874 * * * representatives of the plaintiff

had conducted negotiations with officials of the Bureau of Internal Revenue."

In April, 1946, taxpayer was notified by the Commissioner of Internal Revenue that its refund claims for 1936 and 1937 had been disallowed. In June, 1946, notice and demand for the 1941 deficiency listed in the said waiver Form 874 was sent to the taxpayer without any formal notice of the determination of a deficiency having previously been mailed to it under I.R.C. § 272(a), 26 U.S.C.A. § 272(a).

Shortly thereafter the taxpayer commenced this suit in the court below to enjoin the Collector from "making, beginning or prosecuting any distraint or proceeding in court for the collection of the taxes demanded in defendant's notices of June 3, 1946, until the expiration of the 90-day period after notice of a determination of deficiency is properly mailed in the manner set forth and within the time limited by said I.R.C., Sec. 272(a) (1), to the plaintiff by the Commissioner of Internal Revenue or, if a petition is filed with the Tax Court, until the decision of the Tax Court may become final."

A trial was had on the issue whether the waiver was conditional as alleged. The district court found "that the plaintiff has not borne the burden of proving that the waiver was given conditionally", and entered the judgment of dismissal now under review.

■■ If the waiver was given unconditionally, I.R.C. § 3653(a), 26 U.S.C.A. § 3653(a), would preclude the granting of the injunction which appellant sought. However, § 272(a) would authorize injunctive relief if the waiver was in fact conditional, and, being so, became void and inoperative for failure of the condition. Section 272(a) (1) provides:

"If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the ninetieth day), the taxpayer may file a petition with the Tax Court of the United States for a redetermination of the deficiency. No assessment of a deficiency in respect of the tax imposed by this chapter and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such ninety-day period, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 3653(a) the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court."

Provision for waiver of the restrictions imposed by this subsection is made by § 272(d):

"(d) Waiver of Restrictions. The taxpayer shall at any time have the right, by a signed notice in writing filed with the Commissioner, to waive the restrictions provided in subsection (a) of this section on the assessment and collection of the whole or any part of the deficiency."

■ Assuming that a waiver of restrictions on assessment and collection of a deficiency may legally be conditioned upon the future scheduling by the Commissioner of certain overassessments, we nevertheless agree with the district court's conclusion that the waiver was not conditional here. It is doubtless true that a taxpayer and the revenue agent auditing his returns may indulge in some horse-trading with respect to proposed deficiencies and overassessments, and in many cases the taxpayer may regard his waiver of restrictions as a contingent concession. But the wording of the waiver in Form 874 is not conditional on its face,[1] and the tax-

---

[1] We say this with full awareness that the Treasury has a waiver Form 870 solely for deficiencies and a Form 873 solely for acceptance of proposed overassessments. But the finality of a closing agreement does not apply to either of these forms or to Form 874. A taxpayer who has executed a waiver and paid a deficiency may nevertheless file a claim for refund of such payment; and the

payer did not modify the printed terms of the waiver by inserting language of condition.[2] Compare Columbian Carbon Co. v. United States, 1933, 3 F.Supp. 536, 72 Ct.Cl. 768, certiorari denied 1934, 291 U. S. 672, 54 S.Ct. 458, 78 L.Ed. 1061, with Clarage v. Woodworth, D.C., E.D.Mich. 1939, 24 A.F.T.R. 1177; see Gutkin, Informal Federal Tax Settlements and Their Binding Effect, 4 Tax L.Rev. 477 (1949). Nor was there any evidence of a covering letter to the Commissioner asserting that the waiver had been given conditionally. A deposition by Kemper contained the only testimony the taxpayer relied on to support its contention. Kemper stated that his oral understanding with Huemmer was that the waiver was conditional, but Huemmer, who appeared in the trial court, testified that he told Kemper: "The effect of that waiver would be entirely settled through the Commissioner in Washington; that if the Commissioner agreed to assess the deficiency for any one year, the overassessment could be acted on by the Commissioner at some later time." No other persons were present at the conversations about the waiver, and we cannot say on the record before us that the district court's refusal to find as a fact that the waiver was given conditionally was "clearly erroneous."

■ Appellant advances a separate point, that the waiver of the restrictions on assessment and collection of the proposed deficiency was ineffective because it was filed before a formal deficiency notice under § 272(a) was sent. The language of the statute itself refutes this argument. Section 272(d) gives the taxpayer the right to submit a waiver "at any time", and it is to the taxpayer's advantage to file a waiver to a proposed deficiency because I.R.C. § 292(a), 26 U.S.C.A. § 292(a), imposes interest on deficiencies at the rate of 6% per year from "the date prescribed for the payment of the tax * * * to the date the deficiency is assessed, or, in the case of a waiver under section 272(d), to the thirtieth day after the filing of such waiver or to the date the deficiency is assessed whichever is the earlier." Several cases hold that a waiver to a proposed deficiency is effective to stop the running of interest thirty days after filing. Moore v. Cleveland Ry. Co., 6 Cir., 1940, 108 F.2d 656; Roos v. United States, 1940, 31 F.Supp. 144, 90 Ct.Cl. 482; Diamond Alkali Co. v. Driscoll, D.C., W.D.Pa.1940, 27 A.F.T.R. 1083. Furthermore, the right is given the taxpayer by § 272(d) "to waive the restrictions provided in subsection (a) of this section on the assessment and collection" of a deficiency; and reference back to § 272(a) discloses that the first of these "restrictions", or conditions which must be met before the Commissioner is authorized to make assessment and distraint, is the mailing to the taxpayer of a notice of the determination of a deficiency. As stated by Dean Griswold, a waiver to a proposed deficiency, under § 272(d), "allows the Commissioner to assess and collect the tax without first sending the taxpayer a deficiency letter which can be used as the basis for a petition in the Tax Court." Note, 57 Harv.L.Rev. 912, 914 n. 16 (1944). See also Griswold, Cases and Materials on Federal Taxation 90 (2d ed. 1946); 9 Mertens, Law of Federal Income Taxation §§ 49.02, 49.37, 49.99, 49.100 (1943); 3 CCH 1949 Fed.Tax Rep. par. 1354.847. The

---

Commissioner may assert additional deficiencies for the same year. See Gutkin, Informal Federal Tax Settlements and Their Binding Effect, 4 Tax L.Rev. 477 (1949). Even if the Commissioner has scheduled an overassessment, he may redetermine the tax for the year in question, or if a refund has been made he may bring suit to recover the same. I. R.C. § 3746, 26 U.S.C.A. § 3746; Burnet v. Porter, 1931, 283 U.S. 230, 51 S.Ct. 416, 75 L.Ed. 996; Page v. Lafayette Worsted Co., 1 Cir., 1933, 66 F.2d 339,

certiorari denied 1933, 290 U.S. 692, 54 S.Ct. 127, 78 L.Ed. 596.

[2] The briefs and record in Moore v. Cleveland Ry. Co., 6 Cir., 1940, 108 F.2d 656, reveal that a similar argument was made as to a waiver being conditional, with respect to a waiver form similar to Form 874 here. Although the opinion does not deal with the point, the holding compels the conclusion that the court sub silentio rejected this argument. See also Standard Commercial Tobacco Co., Inc., v. Anderson, D.C.S.D.N.Y.1935, 16 A.F.T. R. 1022.

Monograph of the Attorney General's Committee on Administrative Procedure, pt. 9, Administration of Internal Revenue Laws, reprinted as Sen. Doc. No. 10, 77th Cong., 1st Sess., 11 n. 55 (1941), states: "If no notice of deficiency has been sent when the waiver is signed, its execution in effect waives the privilege of going to the Board of Tax Appeals, since the jurisdiction of the Board depends upon the sending of a deficiency notice which the waiver relieves the Commissioner of doing." Cf. Victory v. Manning, 3 Cir., 1942, 128 F.2d 415; see Payson v. Commissioner, 2 Cir., 1948, 166 F.2d 1008, 1009–1010.

Appellant maintains, however, that the legislative history of the present I.R.C. § 272(d) substantiates its position that a waiver to a proposed deficiency does not relieve the Commissioner of the duty to send a deficiency notice to afford a jurisdictional basis for appeal to the Tax Court. See 9 Mertens, op. cit. supra § 50.10. The Senate Committee on Finance Report on the bill that eventually became the Revenue Act of 1926, 44 Stat. 9, states:

"The law provides that where a deficiency is assessed there shall be assessed at the same time interest at the rate of 6 per cent from the time the deficiency should have been paid to the date of assessment. In order to permit the taxpayer to pay the tax and stop the running of interest, the committee recommends in section 274(d) of the bill that the taxpayer at any time be permitted to waive in writing the restrictions on the Commissioner against assessing and collecting the tax, but without taking away the right of the taxpayer to take the case to the Board. It is provided in such cases that the 6 per cent interest stops running on the thirtieth day after the filing of such waiver unless assessment is made before such time." (Sen. Rep. No. 52, 69th Cong., 1st Sess. (1926), reprinted in 1939-1 Cum.Bull., pt. 2, at 352)

■ We have not discovered any subsequent legislative history which clarifies the exact meaning of this paragraph; the government suggested at the oral argument that the paragraph was not addressed to the problem in this case at all, but was intended to make clear that, even though a

waiver is submitted (and the tax collected) after a petition has been filed with the Tax Court, the latter may still consider the case, with a refund following from a decision of overpayment. See Revenue Act of 1926, § 284(e), now I.R.C. § 322(d), 26 U.S.C.A. § 322(d); Katharina Richter, Executrix v. Commissioner, 1929, 16 B.T.A. 936; Magdalena W. De Sabichi v. Commissioner, 1926, 4 B.T.A. 445. At any rate, Congress took pains to be more specific in an analogous situation. If a jeopardy assessment is made before a deficiency notice has been sent, the Commissioner must nevertheless send such a notice so that the taxpayer may appeal to the Tax Court. Revenue Act of 1926, § 279, now I.R.C. § 273, 26 U.S.C.A. § 273; see Walter S. Hughes v. Com'r, 1928, 10 B.T.A. 1159; Sen. Rep. No. 52, 69th Cong., 1st Sess. (1926), reprinted in 1939-1 Cum.Bull., pt. 2, at 352; H. R. Rep. No. 356, 69th Cong., 1st Sess. (1926), reprinted in 1939-1 Cum.Bull., pt. 2, at 370-71. And so, in the case of a waiver filed before a deficiency letter is sent, it is reasonable to suppose that Congress would likewise have specifically imposed upon the Commissioner the duty to send a deficiency letter to preserve the taxpayer's access to the Tax Court, if such had been the legislative intent, as claimed by appellant.

■ But whatever may have been the meaning of this obscure passage in the 1926 Senate Report, subsequent Revenue Acts, including the Internal Revenue Code, were enacted by Congresses that must have been aware of the long-standing administrative practice not to send deficiency notices if a waiver had already been filed by the taxpayer, and we regard these Acts as giving at least tacit approval to this practice. Cf. Helvering v. Winmill, 1938, 305 U.S. 79, 59 S.Ct. 45, 83 L.Ed. 52. Hence, we conclude that the waiver appellant filed to the deficiency proposed by the revenue agent obviated the need for the Commissioner to send a formal deficiency notice and precluded appeal to the Tax Court. Mutual Lumber Co. v. Poe, 9 Cir., 1933, 66 F.2d 904, certiorari denied 1934, 290 U.S. 706, 54 S.Ct. 373, 78 L.Ed. 606, and McCarthy Co. v. Commissioner, 9 Cir., 1935, 80

F.2d 618, certiorari denied 1936, 298 U.S. 655, 56 S.Ct. 675, 80 L.Ed. 1381, involved different problems. In so far as their reasoning may be contrary to our present decision, we do not regard the denials of certiorari or the absence of subsequent statutory disapproval as indicating acceptance of such reasoning. See Report of Subcommittee on Internal Revenue Taxation of House Committee on Ways and Means, 75th Cong., 3d Sess., 53-54 (1938), quoted in Seidman, Legislative History of Federal Income Tax Laws 95-96 (1938); Moore v. Cleveland Ry. Co., supra; Cleveland v. United States, 1946, 329 U.S. 14, 21, 22, 67 S.Ct. 13, 16, 17, 91 L.Ed. 12, concurring opinion; cf. Girouard v. United States, 1946, 328 U.S. 61, 66 S.Ct. 826, 90 L.Ed. 1084.

The judgment of the District Court is affirmed.