Emil KALIL, Sr. et al., Appellants,

v.

James L. ENOCHS, Director of Internal Revenue, Appellee.

No. 18849.

United States Court of Appeals
Fifth Circuit.

Oct. 31, 1961.

**468**

deQuincy V. Sutton, Meridian, Miss., for appellants.

E. R. Holmes, Jr., Asst. U. S. Atty., Jackson, Miss., Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., Robert E. Hauberg, U. S. Atty., Jackson, Miss., John A. Bailey and Meyer Rothwacks, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before RIVES, CAMERON and BROWN, Circuit Judges.

RIVES, Circuit Judge.

The complaint filed by the four appellants seeks an order directing the District Director of Internal Revenue to issue the statutory notice of deficiency,[1] often referred to as the "90-day letter," for each of the taxable years 1950 through 1955, to two of the plaintiffs, Emil Kalil, Sr., and his wife, Dolly Kalil, hereinafter referred to as the "taxpayers." The other

two plaintiffs are the taxpayers' son and daughter, Emil Kalil, Jr., and Stephanie Kalil, hereinafter referred to as the "transferees." The district court entered summary judgment for the defendant Director, and this appeal ensued.

The case is fairly and accurately stated in the brief for appellee, from which, with slight changes, we extract the following statement:

"In April, 1957, the taxpayers executed a 'Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment' (Form 870) covering the deficiences for each of the taxable years here involved.[1] These waivers provided in part as follows:

"Pursuant to Section 6213(d) of the Internal Revenue Code of 1954 [26 U.S.C.A. § 6213(d)] or corresponding provisions of prior internal revenue laws, the restrictions provided in Sections 6212(a) and (b) (2) and 6213(a) of the Internal Revenue Code of 1954 or corresponding provisions of prior internal revenue laws are hereby waived and consent is given to the assessment and collection of the following deficiencies * * * [which are then set out].

"Pursuant to these waivers, assessments for the taxpayers' deficiencies as determined for these years were made on July 23, 1957 (Form 899) ; and no statutory notice (90-day letter) was issued to them. It was alleged in the complaint that the District Director had 'induced' the taxpayers to execute these waivers.

"The District Director issued statutory notices of transferee liability on July 8, and 10, 1958, respectively, to the transferees, the other appellants herein. The transferees did not appeal to the Tax Court for a redetermination within the statutory

---

1. I.R.C. 1954 (26 U.S.C.A.) Secs. 6212(a) and (c).

[1]. One Form 870 Waiver was executed by Emil Kalil, Sr., for the taxable years

1950 and 1951; another was executed jointly by Emil Kalil, Sr., and his wife Dolly for the taxable years 1952, 1954 and 1955; and another was executed by them for the taxable year 1953.

90-day period from the dates of the statutory notices of liability. It was also alleged in the complaint that the taxpayers had 'joined in an offer in compromise' of the asserted transferee liability, and by a letter from their attorney had called the District Director's attention 'to the running of the statutory 90-day period within which * * * the alleged transferees must petition the Tax Court of the United States for redetermination, and asking that a decision be had on such offer within such time * * * '; and that the Director rejected the offer by letter dated October 20, 1958, 'after the last day on which the transferees might have had access to the Tax Court of the United States.'

"The complaint further alleged that, after the waivers had been executed and the assessments had been made, the taxpayers requested the Director to furnish them with a 90-day letter, but he refused; and that 'plaintiffs believe that they have a meritorious defense to the deficiency asserted against them,' and 'are not possessed of sufficient means, and cannot obtain the same, from which to pay the demands here involved, and then proceeds [sic] by refund suit. * * * ' "

The appellants ask this Court to decide the following questions:

"(1) Whether appellants waived their right to petition The Tax Court of the United States when they executed the waiver of restrictions on assessments, said waiver form being one specially prepared by the Government.

"(2) Whether summary judgment was appropriate to the circumstances below."

■ The district court, in a letter opinion, decided those questions adversely to the taxpayers and their transferees. The appellee Director insists that the district court, without reaching the merits of those questions, might properly have held the suit barred by Section 7421 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7421, prohibiting suits to restrain the assessment or collection of any tax, or that the Tax Court would have had no jurisdiction in any event to redetermine any "deficiency" because no "deficiency" as defined by Section 6211(a) of the 1954 Code, 26 U.S.C.A. § 6211(a), existed after the July 23, 1957 assessment had been made. Because we think that the reasoning of the district court was so clearly correct, we too pretermit the decision of those preliminary questions.

As authorized by Section 6213(d) of the Internal Revenue Code of 1954, the taxpayers clearly and explicitly waived the restrictions provided in Sections 6212 (a) and (b) (2) and 6213(a), and consented to the assessment of the deficiencies. Because of their waiver the taxpayers have no further right to and cannot invoke the jurisdiction of the Tax Court. See United States v. Price, 1960, 361 U.S. 304, 80 S.Ct. 326, 4 L.Ed.2d 334; General Outdoor Advertising Co. v. United States, Ct.Cl., 1959, 169 F.Supp. 947, 950, 951; Associated Mutuals v. Delaney, 1 Cir., 1949, 176 F.2d 179, 183, 11 A.L.R.2d 896; Payson v. Commissioner, 2 Cir., 1948, 166 F.2d 1008, 1009, 1010.

The transferees received statutory notice of their asserted liabilities and could have invoked the jurisdiction of the Tax Court, but allowed the 90-day limitation period to expire.

■ The complaint alleges that "* * defendant through his authorized agents *induced* plaintiffs to execute a waiver of restrictions on assessment. * * * " (Emphasis supplied.) Appellants insist that summary judgment was not appropriate because this allegation implied that the taxpayers were "overreached." Not only did the averment fail to state with particularity the circumstances constituting fraud or mistake as required by Rule 9(b), Federal Rules of Civil Procedure, 28 U.S.C.A., but no affidavits or other evidence to such effect were offered.

The judgment is

Affirmed.