G. MARSHALL WEBSTER AND LISA R. HERLACH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Webster v. Commissioner
Docket No. 21491-91
United States Tax Court
T.C. Memo 1992-538; 1992 Tax Ct. Memo LEXIS 559; 64 T.C.M. (CCH) 724; September 14, 1992, Filed *559 For Petitioners: James J. Everett.
For Respondent: Rachael J. Zepeda. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was considered pursuant to section 7443(A)(b)(3) and Rules 180, 181, and 182, [1] and is before the Court on petitioners' motion for an order enjoining respondent from collection activities. Respondent determined additions to tax for petitioner G. Marshall Webster for tax years 1983 and 1984, and for petitioners G. Marshall Webster and Lisa R. Herlach filing jointly for tax years 1985, 1986, 1987, and 1988, in the following amounts. G. Marshall Webster
1983
1984
Additions to Tax
Section 6653(a)(1)
$ 1,970
$ 798
Section 6653(a)(2)
50% of interest due
50% of interest due
on $ 39,399
on $ 15,966
G. Marshall Webster and Lisa R. Herlach
1985
1986
Additions to Tax
Section 6651(a)(1)
--
-0-
Section 6653(a)(1)
$ 1,152
--
Section 6653(a)(2)
50% of interest due
--
on $ 23,049
Section 6653(a)(1)(A)
--
$   892
Section 6653(a)(1)(B)
--
50% of interest due
on $ 17,835
Section 6661
$ 5,762
$ 4,459
*560 1987
1988
Additions to Tax
Section 6651(a)(1)
$ 3,287
-0-
Section 6653(a)(1)
--
$ 1,175
Section 6653(a)(2)
--
--
Section 6653(a)(1)(A)
$ 1,225
--
Section 6653(a)(1)(B)
50% of interest due
--
on $ 21,913
Section 6661
$ 5,478
$ 5,877
On September 23, 1991, petitioners timely filed a petition with this Court. In their petition, petitioners placed into controversy the entire amount of Federal income taxes due for the years 1983 through 1988. The adjustments to income resulting in the deficiencies for tax years 1985 through 1988 had been agreed to by petitioners prior to the issuance of the notices of deficiency. On November 14, 1991, respondent filed an answer. On February 3, 1992, petitioners filed a motion for an order enjoining respondent from collection activities. On February 10, 1992, respondent filed a response to petitioners' motion, and on March 2, 1992, petitioners filed a reply to respondent's response. Petitioner G. Marshall Webster, a dentist, untimely filed his Federal income tax returns for tax years 1983 and 1984. Hereinafter the term petitioner will be used to refer to G. Marshall Webster. Petitioner claims to have entrusted *561 the filing of his income tax returns to his return preparer, Terry Baer, whom he believed to be a certified public accountant, and to have been unaware that the returns for 1983 and 1984 were never filed. He learned otherwise when respondent began an examination of his returns beginning in September 1990. Petitioner and his wife, Lisa R. Herlach, filed Form 2848, Power of Attorney, designating Terry Baer as their representative. At approximately that time, petitioner signed blank returns for tax years 1983 and 1984, and allowed Terry Baer to file them without examining them himself. For 1983 and 1984, petitioner, again on Terry Baer's advice, signed Form 870, Waiver of Restrictions on Assessment and Collection; petitioner and his wife similarly signed Forms 870 for tax years 1985 and 1986, and 1987 and 1988. After the returns were filed, respondent made assessments for the tax liabilities shown on the returns. Petitioners subsequently learned that Terry Baer's certification was suspended in April 1989. Petitioners contend that Terry Baer was not entitled to represent them and that consequently the waivers they signed are invalid. Petitioners further maintain that the returns *562 for 1983 and 1984 are not accurate and report too much tax due. Petitioners argue that we should have jurisdiction over the entire amount of income tax assessed or agreed to for all years. These amounts were assessed on the basis of late filed returns for 1983 and 1984, and on the basis of executed waivers for 1985 through 1988. Respondent's position is that the outstanding tax liabilities on the late filed tax returns for the years 1983 and 1984 are not subject to the deficiency procedures, but are subject to summary assessment and collection. Respondent's position with respect to tax years 1985 through 1988 is that the waivers signed by petitioners are valid and authorize immediate assessment and collection of the deficiencies for those years. In any event, respondent has not determined any deficiencies in Federal income tax for these years. Respondent has determined only the additions to tax for the years in issue. Tax years 1983 and 1984 will be discussed separately from tax years 1985 through 1988. I. Tax Years 1983 and 1984
Respondent is authorized to summarily (immediately) assess and collect any taxes that are computed and shown due on a taxpayer's income tax *563 return. Sec. 6201(a)(1); Meyer v. Commissioner, 97 T.C. 555, 559 (1991). Taxes shown as due on an income tax return are often referred to as self-assessed and are not subject to the restrictions applicable to deficiency procedures provided for in section 6213. See generally secs. 6201, 6213. In general, the term "deficiency" is defined as the amount by which the tax imposed exceeds the sum of the amount of tax shown on the return and the amount of tax previously assessed over any rebates. [2]Sec. 6211(a); White v. Commissioner, 95 T.C. 209, 213 (1990). As there was no amount previously assessed or rebate in this case, the pertinent definition of deficiency is the amount by which the tax imposed exceeds the amount shown on the return. In this case, for tax years 1983 and 1984, respondent seeks only to collect the amount shown as due on a return; consequently, no deficiency was determined in the notices of deficiency for these years. *564 This Court is a court of limited jurisdiction and may only exercise jurisdiction to the extent expressly permitted by statute. Sec. 7442; Judge v. Commissioner, 88 T.C. 1175, 1180-1181 (1987). The scope of our jurisdiction in suits to restrain assessment or collection is restricted by section 7421(a): Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), and 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed. With respect to a motion to restrain assessment and collection, section 6213(a) provides in relevant part: Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court, including the Tax Court. The Tax Court shall have no jurisdiction to enjoin any action or proceeding under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in *565 respect of the deficiency that is the subject of such petition. Respondent has determined no deficiency in the underlying income tax for tax years 1983 and 1984. Consequently, redetermination of such liabilities is not properly the subject of a petition before the Court. Since we lack jurisdiction over the issue which petitioners seek to place before us, we also lack jurisdiction under section 6213(a) to enjoin respondent's collection activities of the underlying liabilities in income tax. Powell v. Commissioner, 96 T.C. 707, 711 (1991). Accordingly, as to tax years 1983 and 1984, petitioners' motion to restrain assessment and collection must be denied. II. Tax Years 1985 through 1988
For tax years 1985 through 1988, petitioners filed joint returns, and respondent, after examination of the returns, proposed a deficiency for each year on the basis of certain adjustments to income. When petitioners learned of the examination of their tax returns, they designated their return preparer as their representative, and, on his advice, executed Forms 870, Waiver of Restrictions on Assessment and Collection, for all years under examination. For tax years *566 1985 through 1988, respondent proceeded to levy on petitioners' bank account on the basis of the assessment made for these years pursuant to the waivers which petitioners had signed. Petitioners now ask the Court to declare their waivers void, as in signing them they placed excessive reliance upon the advice of their return preparer. For the reasons stated below, we reject petitioners' argument and uphold the validity of the waivers. Section 6213 provides for restrictions on assessment and collection for the period during which a taxpayer may file a petition with this Court for a redetermination of a deficiency and, if a petition has been filed, until the decision of the Tax Court becomes final. Sec. 6213(a). Section 6213(d) provides, however, that a taxpayer shall have the right at any time to file a written and signed waiver of the restrictions provided in subsection (a) on the assessment and collection of the whole or any part of the deficiency. It is a long-established principle that a taxpayer may sign a waiver at any time, and respondent may proceed with immediate assessment and collection, though no notice of deficiency has been issued. United States v. Price, 361 U.S. 304 (1960). *567 "After such waiver has been acted upon by the district director and the assessment has been made in accordance with its terms, the waiver cannot be withdrawn." Sec. 301.6213-1(d), Proced. & Admin. Regs. Assessments have subsequently been made in accordance with the terms of the waivers, and, under the regulations, the waivers may not now be withdrawn. The signing of a waiver is not a contract, but rather a unilateral waiver of a defense by the taxpayer. Piarulle v. Commissioner, 80 T.C. 1035, 1042 (1983). Contract principles are significant, however, in a case in which it is necessary to interpret a written agreement, as an agreement is a manifestation of mutual assent. Id.
Petitioners claim as their defense the existence of a unilateral mistake, that they did not "knowingly and willfully" sign the waivers. They feel they were ill advised to have signed such waivers and did not fully understand the consequences. We know of no authority supporting the voiding of an agreement on the basis of unilateral mistake. Stamm International Corp. v. Commissioner, 90 T.C. 315, 320 (1988) (holding that unilateral mistake is not grounds for vacating *568 a consent judgment). The Form 870 was clear on its face: "I understand that by signing this waiver, I will not be able to contest these years in the United States Tax Court, unless additional deficiencies are determined for these years." Petitioners do not plead that they were not capable of reading and understanding the waiver. Nor do they claim they were induced to sign it by fraud or duress, circumstances under which a contract with respondent might be void or voidable. Quigley v. Internal Revenue Service, 289 F.2d 878, 880 (D.C. Cir. 1960) (holding that Form 870, which the taxpayer signed believing it to be Form 872, was not voidable: taxpayer could read and write and was familiar with tax matters); accord Monge v. Smyth, 229 F.2d 361 (9th Cir. 1956) (holding that reliance on the advice of a disloyal attorney was not grounds for voiding a waiver); cf. Slawek v. Commissioner, T.C. Memo. 1991-338, affd.     F2.d     (3d Cir., July 30, 1992) (holding unilateral mistake not a ground for rescinding a stipulation). Because of their waiver the taxpayers have no further right to and cannot invoke the jurisdiction *569 of the Tax Court. Kalil v. Enochs, 295 F.2d 467, 469 (5th Cir. 1961). Petitioners' position here is no different from that of any other taxpayer who believes he is the recipient of bad advice. When a taxpayer relies on the advice of an accountant or attorney concerning a matter of tax law, such as whether a liability exists, it is reasonable for the taxpayer to rely on that advice. United States v. Boyle, 469 U.S. 241 (1985). Even so, reliance on an adviser does not insulate the taxpayer from the correct application of the law, but only under certain circumstances from certain additions. Woodbury v. Commissioner, 49 T.C. 180, 200 (1967). The choice of an adviser, however, is not a technical matter, but one calling for ordinary human wisdom and careful deliberation: to use a medical metaphor, "Therein the patient must minister to himself."[3]
The waivers of the restrictions on assessment and collection which they executed *570 for tax years 1985 through 1988 are valid. Consequently, we have no authority to grant petitioners the relief they seek. Meyer v. Commissioner, 97 T.C. 555 (1991). As to tax years 1985 through 1988, petitioners' motion to restrain assessment and collection must be denied. To reflect the foregoing, An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Sec. 6211(a) reads as follows: (a) In general. -- For purposes of this title in the case of income, estate, and gift taxes imposed by subtitles A and B and excise taxes imposed by chapters 41, 42, 43, and 44, the term "deficiency" means the amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, or 44, exceeds the excess of -- (1) the sum of (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus (B) the amounts previously assessed (or collected without assessment) as a deficiency, over -- (2) the amount of rebates, as defined in subsection (b)(2), made.↩
3. Shakespeare, "Macbeth" V, iii.↩